J-S81016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                      :             PENNSYLVANIA
                      :
             v.                :
                      :
                      :
EDDIE LEE CLARK, JR.           :
                      :
           Appellant      :     No. 1589 MDA 2018

Appeal from the Judgment of Sentence Entered August 9, 2018
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0005979-2017

BEFORE:    STABILE, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.:               **FILED MAY 13, 2019**

Appellant Eddie Lee Clark, Jr., appeals from the Judgment of Sentence imposed after he entered an open guilty plea to one count of Aggravated Cruelty to Animal.[1] Appellant challenges the discretionary aspects of his sentence. With this appeal, Appellant's counsel has filed a Petition to Withdraw and an ***Anders***[2] brief. We affirm the Judgment of Sentence and grant counsel's Petition to Withdraw.

On August 9, 2018, Appellant entered an open guilty plea to one count of Aggravated Cruelty to Animal. The court sentenced Appellant within the sentencing guidelines to 12 months to 36 months' of incarceration. Trial Ct.

---

[1] 18 Pa.C.S. § 5534(a)(2).

[2] ***Anders v. California***, 386 U.S. 738 (1967).

---

\*    Former Justice specially assigned to the Superior Court.

Op., dated 9/28/18, at 2. On August 17, 2018, Appellant filed a Post-Sentence Motion to Modify Sentence, which the Court denied on August 20, 2018.

This timely appeal followed. Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant's counsel has filed both an **Anders** Brief and a Petition to Withdraw as Counsel. Appellant has not filed a response.

As a preliminary matter, we address counsel's Petition to Withdraw. "When presented with an **Anders** Brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). In order for counsel to withdraw from an appeal pursuant to **Anders**, our Supreme Court has determined that counsel must meet the following requirements:

(1)   provide a summary of the procedural history and facts, with citations to the record;

(2)   refer to anything in the record that counsel believes arguably supports the appeal;

(3)   set forth counsel's conclusion that the appeal is frivolous; and

(4)   state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

Counsel has complied with the mandated procedure for withdrawing as counsel. Additionally, counsel confirms that he sent Appellant a copy of

the **Anders** Brief and petition to withdraw, as well as a letter explaining to Appellant that he has the right to retain new counsel, proceed *pro se*, or to raise any additional points. **See Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa. Super. 2005) (describing notice requirements).

Because counsel has satisfied the above requirements, we now have the responsibility to "make a full examination of the proceedings and make an independent judgment as to whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 354-55 n.5 (citation omitted); **see Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (en banc) (noting **Anders** requires the reviewing court to "review 'the case' as presented in the entire record with consideration first of issues raised by counsel").

We first address the issue raised by counsel in the **Anders** Brief:

> Whether the trial court erred in failing to sentence Appellant in the mitigated range of the sentencing guidelines based upon his true expression of remorse and his work to improve himself while in the Berks County Jail System?

**Anders** Brief at 5.

Appellant challenges the discretionary aspects of his sentence, contending that the trial court abused its discretion in failing to sentence him in the mitigated range of the sentencing guidelines. **See Anders** Brief at 13-18.

A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. **Commonwealth v. Hunter**,

768 A.2d 1136, 1144 (Pa. Super. 2001). Prior to reaching the merits of a discretionary sentencing issue, we must determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006).

In the instant case, Appellant met the first three elements by filing a timely Notice of Appeal, properly preserving the issue in a Post-Sentence Motion to modify his sentence, and including a Statement of Reasons Relied Upon for Allowance of Appeal pursuant to Pa.R.A.P. 2119(f). Thus, we proceed to address whether Appellant's sentencing challenge raises a substantial question for our review.

Whether a substantial question has been raised regarding discretionary sentencing is determined on a case-by-case basis. *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citation and quotation omitted).

Appellant asserts that the trial court abused its discretion by failing to mitigate his sentence based on his true expression of remorse and the positive measures he had taken during his incarceration in Berks County Jail. *Anders* Brief at 13-18.

Sentencing is a matter vested in the sound discretion of the sentencing court, and a sentence will not be disturbed on appeal without a manifest abuse of that discretion. *Commonwealth v. Mouzon*, 828 A.2d 1126, 1128 (Pa. Super. 2003). To constitute an abuse of discretion, the sentence must either exceed the statutory limits or be manifestly excessive; it is not shown merely by an error in judgment by the court. *Id.* Rather, the appellant must demonstrate, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. *Id.*

Claims that the sentencing court did not adequately consider mitigating factors generally do not raise a substantial question. *See Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013). Additionally, we have held that the court's refusal to weigh mitigating factors as an appellant wished, absent more, does not raise a substantial question. *Moury*, 992 A.2d 162, 175; *see also Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014) ("[W]e have held that a claim that a court did not weigh the factors as an appellant wishes does not raise a substantial question").

Appellant's claim amounts to no more than a bald allegation that the court abused its discretion in failing to consider mitigating factors as he wished. The trial court considered the Appellant's presentence investigation report, nature of the offense, sentencing guidelines, and Appellant's written and oral colloquies, which discussed mitigating factors. N.T. 8/9/18 at 7-15. Additionally, the court sentenced Appellant within the standard range of the sentencing guidelines. *Id.*; Trial Ct. Op. at 2. Pursuant to the above case law, Appellant has failed to raise a substantial question.

Additionally, our independent review of the record does not reveal any non-frivolous arguments available to Appellant. We, therefore, affirm Appellant's Judgment of Sentence and grant counsel's Petition to Withdraw.

Judgment of Sentence affirmed. Counsel's Petition to Withdraw as Counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/13/2019